# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jacob E. Lee Scarberry, | ) |
| Plaintiff, | ) **AMENDED ORDER GRANTING MOTION** |
| | ) **TO PROCEED** ***IN FORMA PAUPERIS*** |
| vs. | ) |
| Standing Rock Agency, et. al., | ) Case No. 1:18-cv-199 |
| Defendants. | ) |

Plaintiff is presently incarcerated at the Heart of America Correctional and Treatment Center in Rugby, North Dakota. He initiated the above-entitled action in October 2018 with the submission of an application to proceed *in forma pauperis* and proposed Complaint. On October 16, 2018, the court issued an order granting plaintiff's motion for leave to proceed *in forma pauperis*. However, in so doing, it erroneously construed plaintiff's pleadings as a petition for habeas corpus relief as opposed to a Complaint alleging violations of plaintiff's civil rights. It then went on to mistakenly state that plaintiff's filing was $5.00, which it waived.

The statutory filing fee for a civil rights action is substantially more than the filing fee for a habeas petition ($350.00 as opposed to $5.00). The court is not inclined to waive the filing fee for an indigent prisoner's civil rights action. The relevant federal statutes obligate a prisoner unable to pay the filing fee in a civil rights action up front to make monthly installments until the fee is paid in full. They further provides that this fee shall be collected in full even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915(A).

1

Upon reviewing plaintiff's submissions, it is apparent that he is endeavoring to initiate a civil rights action. Consequently, the court **AMENDS** as follows its order granting his motion to proceed *in forma pauperis*:

1. Plaintiff's request to proceed in this matter *in forma pauperis* is **GRANTED**.

2. Plaintiff shall not be assessed an initial partial filing fee. See 28 U.S.C. § 1915(b). The court need not await payment of the filing fee to conduct its initial review of plaintiff's complaint and, therefore, directs the Clerk of Court to file plaintiff's complaint. Cf. Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) ("[T]he provisions of § 1915(b)(4) permit a prisoner to appeal if the prisoner has no assets and no means to pay the initial partial appellate filing fee. In such a case, the whole of the appellate filing fees are to be collected and paid by the installment method contained in § 1915(b)(2).").

3. The statutory $350.00 filing fee owed by plaintiff shall be paid to the Clerk of this Court from plaintiff's inmate spending account in accordance with 28 U.S.C. § 1915(b)(2), which requires the prisoner to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. Such payment shall be made each time the amount in the inmate spending account exceeds $10.00 and continue until the statutory fee of $350.00 is paid in full.

4. A notice of this obligation shall be sent to plaintiff and the appropriate prison official.

5. The Clerk of Court shall file the complaint. However, the Clerk of Court shall not serve Defendant with the summons and complaint until directed to do so by the

court, following completion of substantive review of Plaintiff's claims under 28 U.S.C. § 1915A.

Dated this 5th day of November, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge